JACK HAIN PRO PER PLAINTIFF
49 HANCOCK ST.,
SAN FRANCISCO, CA 94114
831 227-4589

# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jack Hain <br>     Plaintiff <br><br> v. <br><br> United States Department of the Navy <br>     Defendant | ) <br> ) <br> ) <br> ) CV 08  3747 <br> ) <br> ) Civil Action No.  CW <br> ) <br> ) <br> ) <br> ) |

FILED AUG 5 2008 RICHARD W. WIEKING CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

E-filing

## COMPLAINT FOR NEGLIGENCE

1. This action arises under [the United States Constitution; Article I, section 8, clause 17, which, provides in legal effect that the Federal Government shall have exclusive legislative jurisdiction over all places acquired by the Government, with the consent of the State involved, for Federal works.

2. Venue is proper in this district because the acts in question which give rise to this law suit arise in this district.

3. A Federal Tort Claim for damages was filed with regard to this matter and was denied by the United States Department of the Navy on July 31, 2008.

4. On November 8, 2007, plaintiff was driving his vehicle in a safe and prudent manner in the parking lot adjoining Building 101 at the United States Naval Shipyard at Hunters Point, San Francisco, California.

5. Defendant, US Navy, has a duty through its employees to maintain the above-described parking lot in a safe condition.

6. At the above-described time and place, the parking lot was in a dangerous condition, due to the negligent failure by defendant's employees to paint and mark tire stops and parking spaces and otherwise use due care to cause the lot to be maintained in a safe condition.

7. Due to the above-described negligence of defendant's employees, plaintiff's vehicle struck and was damaged by an unmarked, unpainted, damaged and unmaintained concrete tire stop.

8. The defendant and its employees had notice of the dangerousness of the above-described defective tire stop because it was one of several in a row which, at the time of the impact were broken and remained in loose pieces by prior impacts with vehicles over a long period of time

9. The cost to repair the above-described damage caused by the negligence of defendant's employees is $5,672.20

Therefore, the plaintiff demands judgment against defendant for $5,672.20, plus costs.

Date: August 4, 2008

*[signature]*
Jack Hain, in pro per
49 Hancock Street
San Francisco, CA 94114
JHain@pacbell.net
831-227-4589

*Hain v. United States Department of the Navy*, page 2